IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GARRY GARRITAN, | § | |
| TDCJ #1299073, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-0271 |
| | § | |
| TEXAS DEPARTMENT OF | § | |
| CRIMINAL JUSTICE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER GRANTING MOTION
TO PROCEED *IN FORMA PAUPERIS***

The plaintiff, Garry Garritan, is an inmate in the Correctional Institutions Division of
the Texas Department of Criminal Justice (collectively, "TDCJ"). He has filed this suit
under 42 U.S.C. § 1983, alleging violations of his civil rights. He has also filed a motion for
leave to proceed *in forma pauperis*. (Docket Entry No. 2). This case is governed by the
Prison Litigation Reform Act (the "PLRA"), 28 U.S.C. § 1915(b), which requires prisoners
to pay an initial partial filing fee. The PLRA also requires prisoners to pay thereafter the
balance of the full filing fee. For complaints filed after February 7, 2005, such as the one in
this case, the filing fee is $250. Based on the certified inmate trust account statement
attached to the motion, the Court **ORDERS** as follows:

1.      The plaintiff's motion for leave to proceed *in forma pauperis* (Docket Entry
No. 2) is **GRANTED**.

2.     The plaintiff is not assessed an initial partial filing fee because his application shows he lacks the requisite funds.

3.     The plaintiff shall pay the full balance of the filing fee ($250.00) in periodic installments as required by 28 U.S.C. § 1915(b).  The agency having custody of the plaintiff shall collect this amount from the plaintiff's inmate trust fund account or institutional equivalent, when funds are available, forward it to the Clerk.

4.     The plaintiff is responsible for signing all consents and other documents required by the agency having custody of plaintiff to authorize the necessary withdrawal from the plaintiff's inmate trust account.

5.     Failure to pay the initial partial filing fee or to show that the plaintiff has insufficient assets or means by which to pay the initial partial filing fee within 30 days may result in a dismissal of the plaintiff's complaint without further notice.

6.     Service of process will be withheld pending judicial screening pursuant to 28 U.S.C. § 1915A.

7.     No amendments or supplements to the complaint will be filed without prior court approval.  A complete amended complaint will be attached to any motion to amend.

8.     All discovery in this case is stayed until the court enters an order to answer.

9.     No motions for appointment of counsel shall be filed until the court has completed its screening pursuant to 28 U.S.C. § 1915A, which may include a hearing under *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

2

10.     The plaintiff must notify the court of any change of address by filing a written notice of change of address with the Clerk.  Failure to file such notice may result in this case being dismissed for want of prosecution.

**<u>NOTICE TO THE PLAINTIFF</u>**:

A.     Although you have been granted permission to proceed as a pauper, you must pay the full filing fee when funds are available under 28 U.S.C. § 1915(b).  If you do not wish to pay the full filing fee, you must notify the court in writing, by letter or motion, that you do not wish to prosecute this civil action.

B.     Payment of all or any part of the full filing fee will not prevent dismissal of the complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  If the case is dismissed on any of those grounds before payment of the entire filing fee, the plaintiff must still pay the entire filing fee.  When a prisoner has had three or more prior actions or appeals dismissed for being frivolous, malicious, or failing to state a claim upon which relief may be granted, federal law prohibits the prisoner from bringing any more actions or appeals *in forma pauperis* unless the plaintiff is in imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).

C.     State law requires the forfeiture of good conduct time credits as a sanction for any state or federal lawsuit brought by an inmate while in the custody of the Texas

Department of Criminal Justice, Institutional Division, which is dismissed as frivolous or malicious if there are any such prior dismissals.  *See* TEX. GOV'T CODE ANN. § 498.0045.

**The Clerk of Court will send a copy of this Order to the parties, to TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, fax 512-936-2159, and to the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, fax 936-437-4793.**

SIGNED at Houston, Texas, on January 26, 2006.

Nancy F. Atlas
United States District Judge

4