IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GARRY GARRITAN, | § | |
| TDCJ #1299073, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-0271 |
| | § | |
| TEXAS DEPARTMENT OF | § | |
| CRIMINAL JUSTICE, *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

State inmate Garry Garritan has filed this action under 42 U.S.C. § 1983, alleging violations of his civil rights. Garritan proceeds *pro se* and *in forma pauperis*. At the Court's request, Garritan has provided a more definite statement of his claims. (Doc. #5). After reviewing all of the pleadings as required by 28 U.S.C. § 1915A(a), the Court concludes that this case must be **dismissed** for reasons that follow.

### I.  BACKGROUND

Garritan is currently in custody at TDCJ's Holliday Unit in Huntsville, Texas. He sues the Texas Department of Criminal Justice, Dr. Hung T. Dao, Health Care Practice Manager Jason Chavers, Physician's Assistant Lloyd Aschberger, and Holliday Unit Warden Pamela S. Baggett. Garritan alleges that these defendants have denied him adequate medical care in the form of surgery, or at least an MRI, for problems with his right knee.

Garritan reports that he was admitted to TDCJ most recently on May 17, 2005. Previously, he had been admitted to TDCJ in 1995, and released in 2000. Upon his return

to TDCJ, Garritan was examined by Dr. Dao in October of 2005 for "complaints" of discomfort in his right knee. Garritan, who is evidently overweight, reports that his right knee became aggravated in September of 2005 when he developed phlebitis in his left leg, causing him to shift his weight to put "undue stress" on his right leg. Garritan explains that the right knee "feels as though it is slipping in and out of place. It also cracks and grinds when being bent. All [of] this occurs during normal activities, such as walking." Garritan reports that he had "arthroscopic surgery" on the knee in 1987, and a "more invasive procedure" in 1989. Dr. Dao ordered an x-ray of the knee. Dr. Dao treated Garritan by giving him an "elastic knee supporter" and ibuprofen for pain. Dr. Dao also placed restrictions on Garritan's ability to work. When Garritan wrote to the Health Care Practice Manager (Chavers) to request surgery, or an MRI to check for tendon damage, he was told that such costly treatment would not be considered until the knee worsened.

Garritan seeks monetary damages and injunctive relief in the form of a court order for surgery to repair the knee. The Court concludes, however, that Garritan's complaint must be dismissed for reasons discussed below.

II.    **STANDARD OF REVIEW**

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"). Because the plaintiff is a prisoner who proceeds *in forma pauperis*, the PLRA requires that the district court scrutinize the basis of the complaint and, if appropriate, dismiss the case at any time if the court determines that the complaint "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary

2

relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997e(c) and 28 U.S.C. § 1915A(b). In conducting that analysis, a prisoner's *pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys and are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)), *cert. denied*, 537 U.S. 1049 (2002). Under that standard, courts must assume that the plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *See id*. (citations omitted).

### III. <u>DISCUSSION</u>

 A. **Exhaustion**

The Step 1 and Step 2 grievances submitted by Garritan reference complaints about the level of treatment provided by Dr. Dao, but make no mention of the other defendants in this case. The PLRA prohibits any action by a prisoner in federal court under 42 U.S.C. § 1983 concerning "prison conditions" until "such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In *Booth v. Churner*, 532 U.S. 731, 741 (2001), the United States Supreme Court held that § 1997e(a) mandates exhaustion of *all* administrative procedures before an inmate can file suit in federal court. The Fifth Circuit has emphasized that "[q]uibbles about the nature of a prisoner's complaint, the type of remedy sought, and the sufficiency or breadth of prison grievance procedures were laid to rest in *Booth*." *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). *See also Porter v. Nussle*, 534 U.S. 516 (2002) (holding that the PLRA requires exhaustion of all claims brought by prisoners concerning prison conditions, including those involving the use of excessive force); *Clifford v. Gibbs*, 298 F.3d 328, 330 (5th Cir. 2002) (holding that *Porter* squarely precludes an unexhausted failure-to-protect claim).

TDCJ has a formal two-step administrative grievance process. *See Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998) (outlining the two-step procedure, which at Step 1 entails submitting an administrative grievance at the institutional level followed by a Step 2 appeal if the result is unfavorable). According to the Step 1 and Step 2 grievances submitted in this case, Garritan has not exhausted available administrative remedies regarding his claims against Chavers, Aschberger, and Baggett. By failing to exhaust administrative remedies, a prisoner deprives prison administrators of the benefits intended by 42 U.S.C. § 1997e(a).

The Supreme Court has recognized that Congress enacted the exhaustion requirement found in § 1997e(a) to allow prison officials the time and the opportunity to investigate and address complaints internally. *Porter*, 534 U.S. at 525; *see also Prieser v. Rodriguez*, 411 U.S. 475, 492 (1973) ("Since [the] internal problems of state prisons involve issues so peculiarly within state authority and expertise, the States have an important interest in not being bypassed in the correction of those problems."). By requiring a prisoner to comply with grievance procedures, prison officials may be able to take corrective action, resolving the grievance without resort to federal court. *Porter*, 534 U.S. at 525. Administrative review further serves to filter out frivolous claims or, in the event of a federal case, allows prison officials the opportunity to develop an administrative record to facilitate adjudication of that case. *See id.*

Exhaustion is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Porter*, 534 U.S. at 524; *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003). As the Fifth Circuit has emphasized, this means that a prisoner must exhaust his administrative remedies *before* filing suit. *See Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). The pleadings do not demonstrate that the plaintiff has fully exhausted his administrative remedies with respect to the claims in this case. Because it appears clear from the pleadings that the plaintiff has failed to exhaust available administrative remedies before filing suit in federal court, his complaint against Chavers, Aschberger, and Baggett is subject to dismissal. *See Wright*, 260 F.3d at 359. Alternatively, Garritan's complaint is subject to dismissal for other reasons discussed further below.

**B.     The Complaint Fails to State a Claim**

The allegations raised in the complaint accuse the defendants of failure to provide proper care and reflect a disagreement of opinion about the level of treatment that Garritan received. In that respect, Garritan clarifies in his more definite statement that he has not been denied care. Rather, he complains that he has been denied "adequate" care in the form of knee surgery or an MRI. Garritan accuses all of the defendants of "indifferent neglect." Garritan fails to articulate a constitutional violation in this instance.

It is well established that a prison official's "deliberate indifference to serious medical needs of prisoners" can constitute "unnecessary and wanton infliction of pain" of the type proscribed by the Eighth Amendment and actionable under 42 U.S.C. § 1983. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). In the Eighth Amendment context, it is "obduracy and wantonness, not inadvertence or error in good faith," that characterizes the conduct prohibited by the Eighth Amendment, "whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock." *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). "Thus, the prison official's state of mind must be examined to determine whether the undue hardship endured by the prisoner was a result of the prison official's deliberate indifference." *Bradley*, 157 F.3d at 125 (citing *Wilson v. Seiter*, 501 U.S. 294 (1991)). To establish deliberate indifference under this standard, the prisoner must show that the defendants were both (1) aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn, and (2)

6

that they actually drew an inference that such potential for harm existed. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999).

The Fifth Circuit has stated that the deliberate indifference standard is an "extremely high" one to meet. *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). A showing of "mere negligence in failing to supply medical treatment" will not suffice. *Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001), *cert. denied*, 534 U.S. 1136 (2002); *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.) ("[A]lthough inadequate medical treatment may, at a certain point, rise to the level of a constitutional violation, malpractice or negligent care does not."), *cert. denied sub nom. Stewart v. Knutson*, 528 U.S. 906 (1999). Instead, the plaintiff must demonstrate that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino*, 239 F.3d at 756 (citations omitted).

Garritan concedes that he has not been denied treatment. To the extent that Garritan is dissatisfied with the level of treatment that he has received or with the diagnoses, the Fifth Circuit has held repeatedly that mere disagreement with medical treatment does not state a claim for deliberate indifference to serious medical needs under the Eighth Amendment. *Stewart*, 174 F.3d at 535; *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985); *Young v. Gray*, 560 F.2d 201, 201 (5th Cir. 1977). Even if a lapse in professional judgment occurred, any such failure amounts to mere negligence or malpractice, and not a constitutional violation. *See Harris v. Hegman*, 198

F.3d 153, 159 (5th Cir. 1999) (citing *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993)). The pleadings show that prison officials have not intentionally refused to treat Garritan. Under these circumstances, Garritan's disagreement with the course of treatment selected fails to state a violation of the Eighth Amendment. Therefore, the Court concludes that Garritan's complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(b) for failure to state a claim.

### IV.     CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's complaint is **DISMISSED** with prejudice, under 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim.

**The Clerk is directed to provide copies of this order to the parties; to the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; to the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas, 77342-0629, Fax Number (936) 437-4793; and to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Betty Parker.**

SIGNED at Houston, Texas, on **April 28, 2006.**

_____
Nancy F. Atlas
United States District Judge

Case 4:06-cv-00271   Document 7   Filed in TXSD on 04/28/06   Page 9 of 9